Citation Nr: 1829723 
Decision Date: 07/18/18 Archive Date: 07/24/18

DOCKET NO. 14-19 758 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUES

1. Entitlement to service connection for a left shoulder disability.

2. Entitlement to service connection for a left knee disability, to include as secondary to the Veteran's service-connected right knee disability.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

S. Medina, Associate Counsel




INTRODUCTION

The Veteran served on active duty from February 1996 to February 1999, with subsequent service in the Army National Guard from February 1999 to December 2003.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a February 2012 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO). This matter was previously remanded in January 2016 for further development.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

While further delay is regrettable, the Board finds that additional development is required prior to adjudication of the Veteran's claims.

Regarding the Veteran's claim for service connection for his left knee, the Board notes that per the January 2017 addendum medical opinion, the examiner mentioned a February 2005 Persian Gulf VA examination which noted left knee pain beginning while on active duty around 1996 and knee pain became painful with intermittent swelling. In addition, upon review of the record, there is a March 2005 correspondence from the Central Texas Veterans Health Care System regarding his recent participation in the VA Persian Gulf Registry Program. As it does not appear that the examination report is associated with the claims file, the Board finds that remand is warranted so that such record may be obtained.

Regarding the Veteran's left shoulder disability, private treatment records from 2002 reflect that the Veteran reported dislocating his shoulder for the first time two years previously for which he went to an emergency room for treatment and underwent rehabilitation thereafter. Records from the emergency room treatment and subsequent rehabilitation are not of record. Such should be requested on remand.

Accordingly, the case is REMANDED for the following actions:

1. Obtain and associate with the claims file the February 2005 Persian Gulf VA examination. If the records are not available, the Veteran should be notified of such.

2. Ask the Veteran to provide completed release forms so that records can be requested from the treatment of left shoulder dislocation at an emergency room in 1999 or 2000 and for any subsequent treatment he received prior to his 2002 surgery. If any requested records cannot be obtained, the Veteran should be notified of such.

3. If the benefits sought on appeal remain denied, the Veteran and his representative should be furnished a supplemental statement of the case and be given an appropriate period to respond thereto before the case is returned to the Board, if in order.




_________________________________________________
K.A. BANFIELD
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252 (West 2012), only a decision of the Board is appealable to the Court. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).